# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3711

_____

| | | |
|---|---|---|
| Reginald Young, Director, Omaha Human Relations Department on behalf of Theardise Lowman, | * * * * | |
| Plaintiff, | * * | |
| Theardise Lowman, | * * | Appeal from the United States District Court for the |
| Appellant, | * * | District of Nebraska. |
| v. | * * | [UNPUBLISHED] |
| Bracston L. Olds; Myrtis E. Olds; B.L.'s Homes, | * * * | |
| Appellees. | * | |

_____

Submitted: February 2, 2006
Filed: February 22, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Theardise Lowman appeals the district court's[1] judgment in favor of defendants following a two-day jury trial in his action for intentional race discrimination in renting an apartment, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Fair Housing Act, 42 U.S.C. § 3601. We affirm.

We will affirm a jury verdict unless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party. See Cross v. Cleaver, 142 F.3d 1059, 1066 (8th Cir. 1998). The evidence here amply supports the jury's verdict. Given Lowman's credit score, which indicated a good chance he would be in default of a rent payment, the jury was free to believe Olds's testimony that his decision not to rent to Lowman was based on Lowman's credit history rather than his race. See Morse v. S. Union Co., 174 F.3d 917, 922-23 (8th Cir. 1999) (jury is free to credit testimony as it believes appropriate and is to decide whose witnesses were telling truth); Cabrera v. Jakabovitz, 24 F.3d 372, 383 (2d Cir.) (framework of burdens fashioned in Title VII cases is fully applicable to housing-discrimination cases), cert. denied, 513 U.S. 876 (1994).

Contrary to Lowman's arguments on appeal, he did not allege in his complaint that defendants' policies were discriminatory under a disparate-impact theory, see Oti Kaga, Inc. v. S.D. Hous. Dev. Auth., 342 F.3d 871, 883 (8th Cir. 2003) (to prove discrimination under disparate-impact analysis, plaintiff must show facially neutral policy has adverse impact on members of protected group), and he did not attempt to submit to the jury the investigation report from the City of Omaha's Human Relations Department.

Accordingly, we affirm the judgment. We deny Lowman's motion to supplement the record with evidence that was not before the jury. See Dakota Indus.,

[1]The Honorable William Jay Riley, United States Circuit Judge for the Eighth Circuit, sitting by designation in the United States District Court for the District of Nebraska.

Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (appellate court generally will not consider evidence not contained in record below).

_____